UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LARRY G. WATKINS,

                Petitioner,

v.                                    **DECISION AND ORDER**
                                              06-CV-485-S

UNITED STATES OF AMERICA,         03-CR-93-S

                Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Larry G. Watkins's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Docket #93) and his Motion for Discovery (Docket #96). For the reasons discussed below, Petitioner's motions are denied.

## II. BACKGROUND

On January 18, 2005, Petitioner appeared before this Court, waived indictment, and entered a plea of guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

In light of Petitioner's prior drug felony history, Petitioner and Respondent agreed in the written plea agreement that Petitioner would plead guilty to a crime that would:

> carr[y] a maximum sentence of imprisonment of not less than 20 years and not more than life, a fine of $8,000,000, or both, a mandatory $100 special assessment, and a term of supervised release of at least 10 years and up to life.

(Plea Agreement, Docket #74, ¶ 1).

The plea agreement explained that although Petitioner's sentencing range under the

Guidelines would be 188 to 235 months, he was subject to a mandatory minimum term of 240 months:

> 12. It is the understanding of the government and the defendant that, with a total offense level of 33 and criminal history category of IV, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 188 to 235 months, a fine of $17,500 to $4,000,000, and a period of supervised release of 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement, including a 240 month mandatory minimum term of imprisonment.

(Docket #74, ¶ 12).

In the plea agreement, Petitioner waived his right to appeal or collaterally attack "any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II . . ." (Docket #74, ¶ 18).

On May 25, 2005, this Court sentenced Petitioner principally to a term of imprisonment of 120 months (Docket #83), based on a government motion filed pursuant to Guidelines Section 5K1.1 and 18 U.S.C. § 3553(e). (Docket #77). Following imposition of the sentence, Petitioner filed a pro-se notice of appeal on June 20, 2005. (Docket #85). The Government then filed its own notice of appeal on June 23, 2005. (Docket #87). The parties subsequently entered into stipulation withdrawing both appeals. (Docket #90).

Petitioner filed his first post-conviction proceeding on July 21, 2006, pursuant to 28 U.S.C. § 2255. (Docket #93). The Government filed its opposition on September 1, 2006, arguing that Petitioner waived his right to collaterally attack his conviction in the plea agreement. (Docket #95). The Government further argued that Petitioner's claims were frivolous and his petition should be dismissed. (Docket #95).

In challenging the legality of the recorded conversation by the confidential source (CS) and Petitioner on September 27, 2001, Petitioner filed a motion seeking discovery pertaining to:

> 1. Any affidavit of consent in which any party to the communication signed consenting prior to the interception of the oral communication pursuant to 18 U.S.C. § 2511 (2) (c).
>
> 2. Any transcript of the proceedings in which would provide verification that a party of the communications consented prior to its interception.
>
> 3. Any other relevant documentation which would provide verification that the consent of one of the parties was given prior to the interception.

(Docket #96, ¶ 2).

The Government filed a response to the motion for discovery on December 21, 2006, arguing that Petitioner is not entitled to additional discovery, his claims are frivolous and the petition should be dismissed. (Docket #101). Petitioner filed opposition to the Government's response on January 17, 2007. (Docket #102).

### III. DISCUSSION

**A.      Standard of Review**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice,'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

The initial question is whether an evidentiary hearing is necessary to resolve these factual disputes. In the context of § 2255 motions, the Second Circuit has held that district courts are not required to hold full evidentiary hearings before deciding ineffective assistance of counsel claims. Chang v. United States, 250 F.3d 79, 85-86 (2d Cir.2001). The district court may, in its discretion, "choose a middle road that avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would . . . result[ ] from a full testimonial hearing." Id. at 86. Under the circumstances of the instant case, this Court finds that an evidentiary hearing "would not offer any reasonable chance of altering its view of the facts." Id.

**B.     Petitioner's Claims**

Petitioner raises two principal claims. First, he contends that his waiver of his right to appeal and collaterally attack is unenforceable because he was denied effective assistance of counsel. Second, he argues that he is entitled to invoke the process of discovery.

**1.     Waiver of Right to Appeal and Collaterally Attack is Enforceable**

In the plea agreement Petitioner waived the right to appeal any sentence less than or equal to the guideline range of 188 to 235 months. Petitioner has been sentenced to a term of imprisonment equal to or less than the guidelines range set forth in his plea agreement. (Docket #74, ¶ 18). Therefore, Petitioner's waiver of his right to appeal and collaterally attack is enforceable and precludes any subsequent challenge to his sentence. United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); see also, United States v. Haynes, 412 F.3d 37, 38 (2d Cir. 2005) (holding that "appeal waivers are applicable to issues arising subsequent to the plea agreement" and enforcing such waivers post-Booker); United States v. Morgan, 406 F.3d 135, 138 (2d Cir. 2005) (same). Further, as set forth in the plea agreement, Petitioner waived his right to collaterally attack his sentence, and Petitioner does not suggest or allege that his plea was anything other than entirely knowingly and voluntarily entered. Because Petitioner knowingly and voluntarily entered his plea, he properly waived his right to attack the sentence imposed.

**a.     Petitioner was provided effective assistance of counsel**

Petitioner asserts that a waiver relating to the right of appeal or collateral review is unenforceable where the plea agreement was entered into without the effective assistance of counsel, (See United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)), because "the very product of the alleged ineffectiveness" cannot justly be used to bar a claim of ineffective assistance of counsel. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). For the reasons stated below, however, this Court finds that Petitioner was provided with effective

counsel, and therefore is barred from appealing or collaterally attacking his sentence.

In his Section 2255 motion, Petitioner challenges his sentence based on the following grounds: (1) that he received ineffective assistance of counsel; (2) that his indictment was inadequate; (3) that he was entrapped; (4) that he was the subject of an illegal wiretap; and (5) his criminal history category was improperly calculated. Petitioner's claims are without merit.

Where, as here, a criminal defendant has pleaded guilty to an offense, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). A "defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was not within the standard'" laid out in Strickland v. Washington, 466 U.S. 668 (1984), 104 S. Ct. 2052, 80 L. Ed.2d 674, to judge ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369-370, 88 L. Ed.2d 203 (1985) (quoting Tollett, 411 U.S. at 267).

Petitioners may often raise claims that would not ordinarily be cognizable on collateral review by couching them as ineffective assistance claims. See Kimmelman v. Morrison, 477 U.S. 365, 383 (1986) ("federal courts have habeas jurisdiction" over all ineffective assistance claims and "may grant habeas relief in appropriate cases, regardless of the nature of the underlying attorney error"). Here, even if Petitioner's allegations regarding the legality of his indictment, entrapment, unlawful wiretapping and his sentencing claim are so construed, they must meet the "rigorous standard" of Strickland v. Washington, 466 U.S. 668 (1984), which requires showing (1) that his

counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error, the outcome would likely have been different, see Strickland, 466 U.S. at 687. Kimmelman v. Morrison, 477 U.S. at 381.

>   i. **Counsel's performance did not fall below an objective standard of reasonableness**

With regard to the first prong of the test, Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness. Petitioner was represented by three different attorneys during the course of his prosecution before the district court, and his counsel eventually negotiated a plea which resulted in the dismissal of four of the five charges against him. Furthermore, Petitioner received a sentence of 120 months, which is a sentence substantially less than both the otherwise applicable 240 month statutory mandatory minimum term as well as the 188 to 235 month Guideline term that he could have received.

Petitioner argues that his counsel's investigation was inadequate because counsel informed him only of an audiotape recording from May 10, 2002, between Petitioner and another individual discussing the distribution of a quantity of crack cocaine, which counsel deemed sufficient to convict Petitioner of the conspiracy offense charged in count five. Petitioner claims that Counsel did not inform him of another audiotape recording from September 27, 2001, which the Government also relied on to support count five. Petitioner claims that this audiotape evidence may have been inadmissible because the audio recording alleged to have taken place on September 27, 2001, may not have actually been effectuated on that date and the conversation could have occurred prior to the informant's cooperation with the DEA. However, Petitioner does not offer any facts to

7

substantiate these claims. The Second Circuit has held that counsel is under no obligation to employ an argument or defense for which he or she has no support. See United States v. Best, 219 F.3d 192, 201-01.

Furthermore, this Court finds that even without the disputed evidence, the Government had enough evidence to support Petitioner's counsel's position that Petitioner would likely be convicted. For example, the factual basis in support of the case, such as the audiotape recording from May 10, 2002 and the sales of cocaine base to Drug Enforcement Administration (DEA) Special Agent (SA) David Lauer and Confidential Informant (CI) William Nelson (Docket #95, ¶ 7), would support Petitioner's conviction.

Therefore, even if the audio recording was to be inadmissible, based on the negotiated plea, sentence and remaining evidence in support of the case, Petitioner did not receive ineffective assistance of counsel.

> **ii. Since counsel's representation did not fall below an objective standard of reasonableness, the outcome would not likely have been different.**

Given that Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness, the second prong of the Strickland test need not be examined. See United States v. Bayless, 201 F.3d 116 (2nd Cir. 2000) (omitting discussion of second prong after first prong is not satisfied).

Thus, because Petitioner has not shown that (1) counsel's representation was less than reasonably effective, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Petitioner has failed to meet the test necessary to establish an ineffectiveness claim. Accordingly, the petition should be dismissed.

**2.    Petitioner is Not Entitled to Additional Discovery**

Section 2255 provides that "[a] party may invoke the process of discovery . . . if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." 28 U.S.C. § 2255. Courts have generally held that "production need not be ordered in a § 2255 proceeding when the allegations of a prisoner do not establish a *prima facie* case for relief." United States v. Franzese, 525 F.2d 27, 32 n. 8 (2d Cir. 1975) (internal quotation marks omitted).

Petitioner's discovery motion seems to focus on obtaining documents confirming that an individual cooperating with the government gave his consent prior to recording his conversations with Petitioner. (See Docket #96). He suggests that the conversation could have occurred prior to the informant's cooperation with the DEA, since Petitioner and the informant were once friends. However, Petitioner does not offer any facts to substantiate a claim that the individual in question did not consent to recording his conversations with Petitioner.[1] As such, Petitioner's assertions fail to allege "a prima facie case for relief." United States v. Franzese, 525 F.2d at 32 fn. 8.

Petitioner also requested that the Government submit evidence establishing that the audio recording alleged to have taken place on September 27, 2001, was actually

---

[1] In United States v. Bonanno, 487 F.2d 654, 658 (2d Cir. 1973), the Second Circuit stated:

> An informer's consent to the monitoring or recording of a telephone conversation is an incident to a course of cooperation with law enforcement officials on which he has ordinarily decided some time previously and entails no unpleasant consequences to him. Hence, it will normally suffice for the Government to show that the informer went ahead with a call after knowing what the law enforcement officers were about.

In this case, Petitioner has not alleged any facts which would support an [unmade] contention that the government cannot make this threshold showing.

effectuated on that date, in order to bolster Petitioner's ineffective assistance of counsel claim. Petitioner suggests that videotape surveillance could have been used to identify what Petitioner was wearing when the agents witnessed him entering the informant's workplace, in order to confirm that the recording took place on September 27, 2001. Again, Petitioner does not offer facts to substantiate a claim that the audio recording did not take place on September 27, 2001, and thus fails to allege a *prima facie* case for relief.  Petitioner has failed to point to any claim which would warrant this Court exercising its discretion to order further discovery. Therefore, Petitioner's motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motions will be denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence (Docket #93) is DENIED.

FURTHER, that Petitioner's Motion for Discovery (Docket #94) is DENIED.

FURTHER, that the Clerk of the Court shall take the steps necessary to close this case.

SO ORDERED.

Dated: August 9, 2007
          Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge